IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

MAY 2 9 2025

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **FILED UNDER SEAL** |
| v. | Criminal No. 1:25-CR-148 (RDA) |
| ISAIR JARED CHOY BETHANCOURT, <br> a/k/a "Izzy," <br> a/k/a "Rich Locc," <br> a/k/a "Rich," <br> a/k/a "Rich Baby," <br> a/k/a "Richard Cartier Gaulden," <br> a/k/a "Richard C. Gaulden," <br> a/k/a "Richard Gaulden," <br> (Counts 1-5, 10) | <u>Count One</u>: Conspiracy to Participate in a Racketeering Enterprise (18 U.S.C. § 1962(d)) <br><br> <u>Count Two</u>: Conspiracy to Distribute 400 Grams or More of Fentanyl (21 U.S.C. §§ 841(a) and 846) <br><br> <u>Count Three</u>: Conspiracy to Commit Murder in Aid of Racketeering Activity (18 U.S.C. § 1959(a)(5)) |
| ERIKA LYNN WANZER, <br> a/k/a "Jody Johnson," <br> a/k/a "Kylie James," <br> a/k/a "Aniyah Williams," <br> (Counts 1-2) | <u>Count Four</u>: Murder in Aid of Racketeering Activity (18 U.S.C. §§ 1959(a)(1) and 2) |
| AHMARION ANTONIO HUNTER-GRAY, <br> a/k/a "YC," <br> a/k/a "Boobie," <br> a/k/a "Pilot," <br> a/k/a "Xzavier Jones," <br> a/k/a "Cortez Pearson," <br> a/k/a "Marcus Hampton," <br> a/k/a "Cordell Rodney Hampton," <br> (Counts 1-5) | <u>Count Five</u>: Use, Carry, Brandish, or Discharge of Firearm Causing Death (18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1), and 2) <br><br> <u>Count Six</u>: Possession with Intent to Distribute Fentanyl (21 U.S.C. § 841(a)(1)) |
| ALHAJIE ALPHA KAMARA, <br> a/k/a "Laji," <br> a/k/a "Souljia," <br> (Counts 1-2, 8-9) | <u>Count Seven</u>: Use or Carry of a Firearm During and in Relation to Drug Trafficking (18 U.S.C. § 924(c)(1)(A)) <br><br> <u>Count Eight</u>: Possession with Intent to Distribute Fentanyl (21 U.S.C. § 841(a)(1)) |
| KEVIN FERNANDO MEJIA, <br> a/k/a "Steeze," <br> a/k/a "Stevo," <br> a/k/a "Wop," <br> (Counts 1-2, 6-7) | <u>Count Nine</u>: Use or Carry of a Firearm During and in Relation to Drug Trafficking (18 U.S.C. § |

JOSIAH KENNETH LEE CORRY,
    a/k/a "Gwapo,"
    a/k/a "Guap,"
    a/k/a "Guapo,"
    (Counts 1-2)

ANTIONE MARIO LAMBERT, JR.
    a/k/a "Blocc Boy Twan,"
    a/k/a "Tweeze,"
    a/k/a "Tweezy,"
    (Counts 1-2, 11-12)

DAITWAN JAQUEL WALLACE,
    a/k/a "Twan,"
    a/k/a "Twanboy,"
    a/k/a "Cortez Pearson,"
    (Counts 1-2)

ELIJAH BEHRLE,
    a/k/a "Moody,"
    (Count 2)

and

JEVON TROY MARK,
    a/k/a "J-Drive,"
    (Counts 1-2)

*Defendants.*

924(c)(1)(A)

Count Ten: Possession of a Firearm in Furtherance of Drug Trafficking (18 U.S.C. § 924(c)(1)(A))

Count Eleven: Straw Purchase of a Firearm (18 U.S.C. §§ 932(b) and 2)

Count Twelve: Straw Purchase of a Firearm (18 U.S.C. §§ 932(b) and 2)

Forfeiture Notice

INDICTMENT

May 2025 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

2

## COUNT ONE

*(Conspiracy to Participate in a Racketeering Enterprise)*

### General Allegations

At all times relevant to this Indictment:

1.      The Crips was a Los Angeles, California, based violent street gang with members located throughout the United States, including Virginia, Maryland, and the District of Columbia. Members and associates of the Crips engaged in acts of violence, including acts involving murder, robbery, and assault, and other criminal activities such as narcotics trafficking, identity fraud, and the straw purchasing and illegal use of firearms. Participation in criminal activity by a Crips member or associate, especially violence directed at rival gangs, increased the respect accorded to an individual member or associate and could result in a promotion to a leadership position. Members and associates of the Crips purchased, maintained, and circulated firearms for use in criminal activity.

2.      The Crips gang was organized into subunits, known as "sets," "cets," "cliques," or "cliccs." One such Crips set was the East Side Rollin 20s Crips, commonly known as the "Rollin 20s" or the "Rollin 20s Crips" (hereinafter referred to as "the RTC"). The RTC was founded in Long Beach, California, in or around 1979. The RTC currently conducts gang activities in almost every state and is one of the largest Crips sets in the United States. Over time, the RTC increased in numbers and alliances and subsets developed within the RTC. The RTC subsets were sometimes distinguished by a particular RTC subset's geographical location, or the specific territory controlled by that RTC subset.

3.      Crips sets, including the RTC, generally operated under the umbrella rules of the Crips and, at times, worked together to engage in criminal activity and assist one another in

3

avoiding detection by law enforcement. The RTC's main alliances were with the Young Twenties Loc and Frontline Doles sets. Many Crips sets often had varying customs, rules, and trademarks. For example, the Crips were traditionally associated with the color navy blue; however, some Crips sets also used secondary colors as a means of identification of their particular Crips set. The RTC was one such Crip set that used secondary colors. Specifically, the RTC used the secondary colors yellow and black as means of identification of the RTC.

4.      Crips sets were self-governing entities that tended to have a loose organizational structure. However, Crips sets typically distinguished the leaders of their particular set from the other members and associates of that set. Crips set leaders could "blue light," that is, approve, an order to murder someone and give orders to other members and associates of the set.

5.      Although not all Crips sets used ranks, those that did often based them on how long a particular member had been active within the set. To gain specific ranks, members were required to perform illegal and often violent acts, including murder. Crips sets, including the RTC, had an initiation process necessary to gain full membership into the set. Prospective members or associates could gain entry into the set by either being "jumped in," i.e., physically assaulted, or "blessed in," i.e., gain membership as a reward for committing certain criminal acts. Once members joined a set, they were indoctrinated with the set's history and rules, which were enforced by actual or threatened violence and physical intimidation. The set's history and rules, sometimes referred to as "water," were passed down between members in documents sometimes referred to as "Books of Knowledge."

6.      Members of Crips sets, including the RTC, referred to other members as "cuz," "cuh," "cuhk," or "cuhz," which were short for "cousin."

7.      Members and associates of the Crips, including the RTC, were expected to protect

4

the name, reputation, and status of the Crips and its respective sets from rival gangs and other persons. One of the core rules of the RTC was that members and associates shall not cooperate with law enforcement. Violations of this rule could result in the murder of the violating member or associate. RTC members and associates were expected to use any means necessary, including acts of violence and intimidation, to force respect from rival gangs and other individuals perceived as posing a threat to the RTC, or the RTC's reputation. Members and associates of the RTC were expected and encouraged to commit acts of violence to maintain membership, status, and discipline within the gang, including committing acts of violence against rival gang members, those perceived to be rival gang members, those perceived to pose a threat to the RTC or the RTC's reputation, and also internally against RTC members and associates who violated the set's rules. Participating in violent crimes increased the level of respect accorded to a member or associate and resulted in the member or associate maintaining or increasing his position within the set.

8.     Many RTC members and associates used, carried, and possessed firearms, including semi-automatic pistols, pistols unlawfully converted into machine guns through the installation of machinegun conversion devices, and assault-style firearms, especially the AK-47 style pistol known as the "Draco." Members and associates frequently posted photographs of themselves on social media accounts possessing, carrying, and brandishing firearms. Members and associates of the RTC used, carried, and possessed firearms to defend themselves and the gang, intimidate others, and protect their drug activities and illegal proceeds.

9.     RTC members and associates frequently used stolen vehicles and would steal vehicles for use by the gang, including through the use or threatened use of violence.

10.    RTC members and associates communicated about gang activities with other members and associates using cellphones, text messaging, social media, such as Instagram and

5

Snapchat, and other modes of communication.

11.     RTC members and associates also frequently recruited minors under the age of 18 and encouraged them to commit criminal activity, such as acts of violence and drug trafficking, on behalf of the gang.

## The Racketeering Enterprise

12.     At all times relevant to this Indictment, the RTC, including its leaders, members, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce ("the RTC Enterprise"). The RTC Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the RTC Enterprise. At all times relevant to this Indictment, the RTC Enterprise operated in the Eastern District of Virginia and elsewhere.

13.     Defendants **ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a "Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden" a/k/a "Richard Gaulden" ("CHOY BETHANCOURT"), ERIKA LYNN WANZER a/k/a "Jody Johnson" a/k/a "Kylie James" a/k/a "Aniyah Williams" ("WANZER"), AHMARION HUNTER-GRAY a/k/a "YC" a/k/a "Boobie" a/k/a "Pilot" a/k/a "Xzavier Jones" a/k/a "Cortez Pearson" a/k/a "Marcus Hampton" a/k/a "Cordell Rodney Hampton" ("HUNTER-GRAY"), ALHAJIE ALPHA KAMARA a/k/a "Souljia" a/k/a "Laji" ("KAMARA"), KEVIN FERNANDO MEJIA a/k/a "Steeze" a/k/a "Stevo" a/k/a "Wop" ("MEJIA"), JOSIAH KENNETH LEE CORRY a/k/a "Gwapo" a/k/a "Guap" a/k/a "Guapo" ("CORRY"), ANTIONE MARIO LAMBERT, JR. a/k/a "Blocc Boy Twan" a/k/a "Tweeze" a/k/a "Tweezy" ("LAMBERT"), DAITWAN JAQUEL WALLACE a/k/a "Twan"**

a/k/a "Twanboy" a/k/a "Cortez Pearson" ("WALLACE"), and **JEVON TROY MARK a/k/a**

**"J-Drive" ("MARK")**, and others, both known and unknown to the Grand Jury, were members

and associates of the RTC Enterprise.

<u>Purposes and Objectives of the RTC Enterprise</u>

14.    The purposes and objectives of the RTC Enterprise included, but were not limited

to:

      a.    Enriching, preserving, expanding, and protecting the power, profits, reputation, and prestige of the RTC Enterprise and its leaders, members, and associates through the use and threatened use of violence, including murder and assault;

      b.    Promoting and enhancing the RTC Enterprise and its leaders, members, and associates through criminal activity, including murder, assault, robbery, drug trafficking, identity fraud, and other criminal activities;

      c.    Keeping victims, potential victims, and community members in fear of the RTC Enterprise and its leaders, members, and associates through violence and threats of violence;

      d.    Hindering, obstructing, and preventing efforts by law enforcement to identify, apprehend, and successfully prosecute RTC members and associates; and

      e.    Ensuring discipline within the RTC Enterprise and compliance with the RTC Enterprise's rules by members and associates through threats of violence and acts of violence.

Means and Methods of the RTC Enterprise

15.     Among the means and methods by which members and associates of the RTC Enterprise conducted and participated in the conduct of the affairs of the RTC Enterprise were the following:

      a.     Members and associates of the RTC Enterprise used intimidation, threats of violence, and violence, including murder, assault, and robbery, to preserve, expand, and protect the RTC Enterprise's territory and activities; promote and enhance its prestige, reputation, and position in the community; and discipline RTC Enterprise members and associates perceived to have been disloyal or to have violated gang rules;

      b.     Members and associates of the RTC Enterprise acquired, possessed, shared, carried, and used deadly weapons, including firearms, to harm and kill rivals and in furtherance of their drug trafficking and robbery activities;

      c.     Members and associates of the RTC Enterprise illegally acquired and possessed firearms, including through straw purchasing, in furtherance of their criminal activity, including drug trafficking;

      d.     Members and associates of the RTC Enterprise attended regular gang meetings and communicated with other members and associates to discuss, among other things: the structure and organization of the gang; past criminal acts committed against rival gang members and others; leaders, members, and associates who had been arrested and incarcerated; discipline of gang members who had violated gang rules; law enforcement interactions with the RTC Enterprise's leaders, members, and associates;

8

identities of individuals suspected of cooperating with law enforcement and proposed actions to be taken against them; and plans and agreements regarding the commission of future crimes as well as ways to conceal these crimes;

e.  Members and associates of the RTC Enterprise also communicated with other RTC Enterprise members and associates and represented their gang allegiance through social media applications, such as Instagram and Snapchat, including by posting photographs of themselves with other gang members and associates, displaying gang hand signs, wearing colors and clothing associated with the RTC Enterprise, posing with weapons, and by sending and posting messages referencing their affiliation with the RTC Enterprise;

f.  Members and associates of the RTC Enterprise used social media, such as Instagram, to threaten and intimidate rivals, those perceived to have cooperated with law enforcement, and those perceived to have disrespected the RTC Enterprise and its members and associates;

g.  Members and associates of the RTC Enterprise stole and attempted to steal vehicles for use by the RTC Enterprise;

h.  Members and associates of the RTC Enterprise financed the RTC Enterprise through a variety of criminal activities, including drug trafficking and robbery;

i.  Members and associates of the RTC Enterprise distributed, and agreed to distribute or assist in the distribution of, controlled substances of behalf of

the RTC Enterprise, including mixtures and substances containing detectable amounts of fentanyl (references to fentanyl in this Indictment refer to a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), and methamphetamine, both Schedule II controlled substances;

j.    Members and associates of the RTC Enterprise conspired to purchase and transfer, and caused to be produced and transferred, false identification documents on behalf of themselves and other members and associates in furtherance of their criminal activities;

k.    Members and associates of the RTC Enterprise hindered and obstructed, and attempted to hinder and obstruct, law enforcement efforts to identify, apprehend, and successfully prosecute members and associates of the RTC Enterprise;

l.    Members and associates of the RTC Enterprise agreed that acts involving murder, conspiracy to commit murder, attempts to commit murder, assault, and other acts of violence would be committed by members and associates of the RTC Enterprise against rival gang members and persons deemed as threats to the RTC Enterprise and for the purpose of imposing discipline within the gang and on other occasions as deemed necessary; and

m.    Members and associates of the RTC Enterprise recruited and attempted to recruit minors to the RTC Enterprise and encouraged minors to commit criminal activity.

10

The Racketeering Conspiracy

16.    Beginning on a date unknown, but from at least in and around 2020, and continuing until on or about the date of this Indictment, in the Eastern District of Virginia and elsewhere, defendants,

**ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a**

**"Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden a/k/a**

**"Richard Gaulden,"**

**ERIKA LYNN WANZER a/k/a "Jody Johnson" a/k/a "Kylie James" a/k/a "Aniyah**

**Williams,"**

**AHMARION HUNTER-GRAY a/k/a "YC" a/k/a "Boobie" a/k/a "Pilot" a/k/a "Xzavier**

**Jones" a/k/a "Cortez Pearson" a/k/a "Marcus Hampton" a/k/a "Cordell Rodney**

**Hampton,"**

**ALHAJIE ALPHA KAMARA a/k/a "Souljia" a/k/a "Laji,"**

**KEVIN FERNANDO MEJIA a/k/a "Steeze" a/k/a "Stevo" a/k/a "Wop,"**

**JOSIAH KENNETH LEE CORRY a/k/a "Gwapo" a/k/a "Guap" a/k/a "Guapo,"**

**ANTIONE MARIO LAMBERT, JR. a/k/a "Blocc Boy Twan" a/k/a "Tweeze" a/k/a**

**"Tweezy,"**

**DAITWAN JAQUEL WALLACE a/k/a "Twan" a/k/a "Twanboy" a/k/a "Cortez Pearson,"**

**and**

**JEVON TROY MARK a/k/a "J-Drive,"**

and others, both known and unknown to the Grand Jury, being persons employed by and associated with the RTC Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally combine, conspire, confederate, and agree

11

with each other and with others, both known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the RTC Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

     a.    Multiple acts involving:

         1.    Murder, chargeable under North Carolina General Statutes Sections 14-17, 14-5.2, 14-2.4, and 14-2.5; chargeable under Code of the District of Columbia Sections 22-1803, 22-1805, 22-1805a, 22-2101, 22-2103; and chargeable under Code of Virginia Sections 18.2-32, 18.2-18, 18.2-22, and 18.2-26; and

         2.    Robbery, chargeable under Florida Statutes Sections 812.13, 777.04(1), 777.04(3), and 777.011;

     b.    Multiple acts indictable under:

         1.    Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents); and

         2.    Title 18, United States Code, Section 932 (relating to straw purchasing); and

     c.    Multiple offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

17.    It was further a part of the conspiracy that each of the above-named defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the RTC Enterprise's affairs.

<u>Overt Acts</u>

18.    In furtherance of the racketeering conspiracy, and to effect the object thereof, the defendants and others, both known and unknown to the Grand Jury, committed, and caused to be committed, the following acts, among others, in the Eastern District of Virginia and elsewhere:

<u>General</u>

a)    Beginning on a date unknown, but from at least in and around 2021 until on or about the date of this Indictment, **CHOY BETHANCOURT** was a leader of the Virginia set of the RTC Enterprise.

**<u>January 2021 Attempted Murder of B.D.M. and C.D.C. in Winston-Salem, N.C.</u>**

b)    On or about January 20, 2021, while in route from Atlanta, Georgia, **CHOY BETHANCOURT, HUNTER-GRAY**, and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, traveled to North Carolina to execute a "mission" for the RTC Enterprise in the Winston Salem, North Carolina area.

c)    On or about January 20, 2021, in Winston-Salem, North Carolina, **CHOY BETHANCOURT, HUNTER-GRAY**, and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, possessed firearms, including a Glock 21 Gen4 .45 caliber semi-automatic pistol bearing serial number ZTK613.

d)    On or about January 20, 2021, in Winston-Salem, North Carolina, **CHOY BETHANCOURT, HUNTER-GRAY**, and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, attempted to murder two individuals, identified for the purpose of this Indictment as B.D.M. and C.D.C., by shooting them.

e)    On a date unknown but after on or about January 20, 2021, in Reston, Virginia, **CHOY BETHANCOURT** and other members and associates of the RTC Enterprise,

both known and unknown to the Grand Jury, buried, and caused to be buried, firearms that were used in the attempted murders of B.D.M. and C.D.C. on or about January 20, 2021, including a Glock 21 Gen4 .45 caliber semi-automatic pistol bearing serial number ZTK613, near the residence of **WANZER**.

### August 2021 Robbery of A.A.N.

   f)  On or about August 24, 2021, in Broward County, Florida, **HUNTER-GRAY** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, possessed firearms.

   g)  On or about August 24, 2021, in Broward County, Florida, **CHOY BETHANCOURT, HUNTER-GRAY**, and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, robbed an individual identified for purposes of this Indictment as A.A.N., at gunpoint.

   h)  On or about August 24, 2021, in Broward County, Florida, **HUNTER-GRAY**, as part of the robbery, pistol whipped A.A.N. with a firearm, causing injury.

### June 2022 Murder of D.D.

   i)  Beginning on a date unknown, but from at least in and around 2021, to on or about June 18, 2022, **CHOY BETHANCOURT** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, conspired to murder an individual, identified for purposes of this Indictment as D.D., because D.D. was suspected of disrespecting a deceased member of the RTC Enterprise.

   j)  On or about July 4, 2021, in Virginia and in the District of Columbia, **CHOY BETHANCOURT** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, armed themselves with firearms and drove around an area in the

District of Columbia searching for D.D. with the intent to murder D.D.

      k)     On or about July 4, 2021, in the District of Columbia, **CHOY BETHANCOURT** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, after driving around and unsuccessfully searching an area in the District of Columbia for D.D., shot firearms at a group of unknown individuals.

      l)     On or about June 16, 2022, **CHOY BETHANCOURT** threatened D.D. through social media.

      m)     On or about June 18, 2022, in Virginia, **CHOY BETHANCOURT, HUNTER-GRAY,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, armed themselves with firearms.

      n)     On or about June 18, 2022, **CHOY BETHANCOURT, HUNTER-GRAY,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, traveled in a stolen black Dodge Charger to the Gum Springs area of Alexandria, Virginia to murder D.D.

      o)     On or about June 18, 2022, **CHOY BETHANCOURT, HUNTER-GRAY,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, murdered D.D. by shooting D.D.

      p)     On or about June 21, 2022, **CHOY BETHANCOURT** messaged a RTC Enterprise associate who participated in the murder of D.D., offering formal membership into the RTC Enterprise and stating that the RTC Enterprise associate would be promoted and "blessed in" to the RTC Enterprise.

### Drug Trafficking Activities

      q)     Beginning on a date unknown, but from at least in and around 2020, and

continuing until on or about the date of this Indictment, in the Eastern District of Virginia and elsewhere, defendants, **CHOY BETHANCOURT, WANZER, HUNTER-GRAY, KAMARA, MEJIA, CORRY, LAMBERT, WALLACE, MARK,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl.

r)    Beginning on a date unknown, but from at least in and around 2020, and continuing until on or about the date of this Indictment, members and associates of the RTC Enterprise regularly obtained pressed fentanyl pills from sources of supply in Arizona, California, and elsewhere for retail distribution in the Northern Virginia area and elsewhere.

s)    Beginning on a date unknown, but from at least in and around 2020, and until on or about the date of this Indictment, **CHOY BETHANCOURT, WANZER, CORRY,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, sent proceeds generated by illegal drug sales to individuals in other states via money transfer services and interstate mail to benefit the RTC Enterprise.

t)    On or about March 29, 2021, **CHOY BETHANCOURT** and a RTC Enterprise member and associate coordinated the distribution of at least approximately 500 grams of fentanyl.

u)    On or about April 14, 2021, **CHOY BETHANCOURT** coordinated the distribution of at least approximately 70 grams of fentanyl by another RTC Enterprise member and associate to another individual.

v)    On or about April 21, 2021, **MEJIA** and other RTC Enterprise members

16

and associates coordinated the distribution of approximately 10 grams of fentanyl.

w)      On or about April 22, 2021, **LAMBERT** and a RTC Enterprise member and associate coordinated the distribution of approximately 100 grams of fentanyl.

x)      On or about April 25, 2021, **WALLACE** and a RTC Enterprise member and associate coordinated the distribution of approximately 5 grams of fentanyl.

y)      On or about April 29, 2021, **WALLACE** and a RTC Enterprise member and associate coordinated the distribution of approximately 30 grams of fentanyl.

z)      On or about May 12, 2021, **MEJIA** possessed with intent to distribute approximately 19.14 grams of fentanyl and possessed a Glock 9mm semi-automatic pistol bearing serial number BCBA016, and a Glock .45 caliber semi-automatic pistol bearing serial number BALZ355.

aa)     On or about May 17, 2021, **LAMBERT** and a RTC Enterprise member and associate coordinated the distribution of approximately 200 grams of fentanyl.

bb)     On or about June 6, 2021, **MARK** and a RTC Enterprise member and associate coordinated the distribution of at least approximately 100 grams of fentanyl.

cc)     On or about June 9, 2021, **MARK** and a RTC Enterprise member and associate coordinated the distribution of approximately 250 grams of fentanyl.

dd)     On or about June 9, 2021, **MARK** and a RTC Enterprise member and associate coordinated the distribution of approximately 100 grams of fentanyl that was supplied by **CHOY BETHANCOURT**.

ee)     On or about October 8, 2021, **CHOY BETHANCOURT, WANZER,** and other RTC Enterprise members and associates attempted to possess with intent to distribute approximately 1.1 kilograms of fentanyl, which was contained in a package sent through the

United States Postal Service and seized by law enforcement. **CHOY BETHANCOURT** and **WANZER** were tracking the package.

ff)     On or about July 12, 2022, **CHOY BETHANCOURT** and **HUNTER-GRAY** possessed with intent to distribute approximately 10 kilograms of fentanyl.

gg)     On or about July 16, 2022, **CHOY BETHANCOURT** possessed with intent to distribute approximately 10.85 grams of fentanyl and possessed a Century Arms Draco 7.62x39mm caliber semi-automatic pistol bearing serial number ROA22PG3587, both of which were seized by law enforcement.

hh)     On or about August 4, 2022, **KAMARA** and another RTC Enterprise member and associate coordinated the distribution of fentanyl.

ii)     On or about August 8, 2022, **CHOY BETHANCOURT** and **WANZER** coordinated the transfer of narcotics proceeds through the United States Postal Service.

jj)     On or about August 10, 2022, **CHOY BETHANCOURT** and another individual coordinated the distribution of approximately 900 grams of fentanyl.

kk)     On or about August 24, 2022, **CHOY BETHANCOURT** and another individual coordinated the distribution of approximately 1.1 kilograms of fentanyl.

ll)     On or about September 1, 2022, a RTC Enterprise member and associate possessed with intent to distribute approximately 19 grams of fentanyl and possessed an American Tactical Imports Omni Hybrid multi-caliber semi-automatic pistol bearing serial number NS287269, both of which were seized by law enforcement.

mm)     On or about September 1, 2022, **KAMARA** possessed with intent to distribute approximately 6 grams of fentanyl and possessed a Glock 22 .40 caliber semi-automatic pistol bearing serial number RYF500, both of which were seized by law enforcement.

nn)    On or about November 3, 2022, **WANZER** and **HUNTER-GRAY** coordinated with an Arizona-based source of supply to receive approximately 5 kilograms of fentanyl.

oo)    On or about January 20, 2023, **CORRY** and another RTC member and associate coordinated the receipt of approximately 1 kilogram of fentanyl distributed by a California-based source of supply.

pp)    On or about February 6, 2023, **CORRY** and another RTC member and associate coordinated the receipt of approximately 1.5 kilograms of fentanyl distributed by a California-based source of supply.

qq)    On or about March 8, 2023, **KAMARA** and another RTC member and associate coordinated the distribution of at least approximately 200 grams of fentanyl.

rr)    On or about March 26, 2023, **KAMARA** possessed with intent to distribute approximately 54.27 grams of fentanyl and possessed a Glock 27 .40 caliber semi-automatic pistol bearing serial number BXSM803, both of which were seized by law enforcement.

ss)    On or about March 28, 2023, **WALLACE** and another RTC member and associate coordinated the distribution of at least approximately 100 grams of fentanyl.

tt)    On or about April 27, 2023, an RTC member and associate possessed with intent to distribute approximately 2.19 kilograms of fentanyl, which was seized by law enforcement.

uu)    On or about August 28, 2023, **LAMBERT** and another individual coordinated the distribution of approximately 100 grams of fentanyl.

**<u>Identity Fraud Activities</u>**

vv)    Beginning on a date unknown, but from at least in and around May 2022,

19

to at least in and around July 2023, **CHOY BETHANCOURT, WANZER, HUNTER-GRAY,** and other members and associates of the RTC Enterprise conspired with each other and others, both known and unknown to the Grand Jury, to obtain false identification documents for use by RTC members and associates in furtherance of the RTC Enterprise's criminal activity.

ww)    On or about August 8, 2022, **CHOY BETHANCOURT** and **WANZER** coordinated the sending of a package containing false identification documents.

xx)    On or about October 2, 2022, **WANZER** requested the production of a false identification document for another individual.

yy)    On or about October 5, 2022, **WANZER** and **HUNTER-GRAY** coordinated the receipt of at least one false identification document for use by another individual.

zz)    On or about October 6, 2022, **WANZER** provided a photograph of herself to another individual for the purpose of producing a false identification document.

aaa)    On or about October 25, 2022, **WANZER** coordinated the production of false identification documents for use by RTC members and associates, including **HUNTER-GRAY** and **WALLACE**.

### Straw Purchasing of Firearms

bbb)    On or about April 13, 2023, **LAMBERT** directed another individual to purchase a Glock 27 Gen4 .40 caliber semi-automatic pistol bearing serial number AFTS811 on behalf of **LAMBERT** for **LAMBERT** to use in furtherance of his drug trafficking activities.

ccc)    On or about May 17, 2023, **LAMBERT** directed another individual to purchase a Century Arms Micro Draco 7.62x39mm caliber semi-automatic pistol bearing serial number MSV701140 on behalf of **LAMBERT** for **LAMBERT** to use in furtherance of his drug trafficking activities.

### Special Sentencing Factors as to Count One

19.     As part of their agreement to conduct and participate in the conduct of the affairs of the RTC Enterprise through a pattern of racketeering activity, the following defendants committed the following act:

On or about June 18, 2022, in the Eastern District of Virginia, defendants, **CHOY BETHANCOURT, HUNTER-GRAY,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, while aiding and abetting each other, did willfully, deliberately, maliciously, and with premeditation kill D.D., in violation of Code of Virginia Sections 18.2-32 and 18.2-18.

20.     As part of their agreement to conduct and participate in the conduct of the affairs of the RTC Enterprise through a pattern of racketeering activity, the following defendants committed the following act:

Beginning on a date unknown, but from at least in and around 2020, and continuing until on or about the date of this Indictment, in the Eastern District of Virginia and elsewhere, defendants, **CHOY BETHANCOURT, WANZER, HUNTER-GRAY, KAMARA, MEJIA, CORRY, LAMBERT, WALLACE, MARK,** and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a), and 841(b)(1)(A)(vi).

21

(In violation of Title 18, United States Code, Sections 1962(d) and 1963.)

## COUNT TWO

### *(Conspiracy to Distribute Fentanyl)*

21.     Beginning on a date unknown, but from at least from in and around 2020, and continuing until on or about the date of this Indictment, in the Eastern District of Virginia and elsewhere, defendants,

**ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a "Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden" a/k/a "Richard Gaulden,"**

**ERIKA LYNN WANZER a/k/a "Jody Johnson" a/k/a "Kylie James" a/k/a "Aniyah Williams,"**

**AHMARION HUNTER-GRAY a/k/a "YC" a/k/a "Boobie" a/k/a "Pilot" a/k/a "Xzavier Jones" a/k/a "Cortez Pearson" a/k/a "Marcus Hampton" a/k/a "Cordell Rodney Hampton,"**

**ALHAJIE ALPHA KAMARA a/k/a "Souljia" a/k/a "Laji,"**

**KEVIN FERNANDO MEJIA a/k/a "Steeze" a/k/a "Stevo" a/k/a "Wop,"**

**JOSIAH KENNETH LEE CORRY a/k/a "Gwapo" a/k/a "Guap" a/k/a "Guapo,"**

**ANTIONE MARIO LAMBERT, JR. a/k/a "Blocc Boy Twan" a/k/a "Tweeze" a/k/a "Tweezy,"**

**DAITWAN JAQUEL WALLACE a/k/a "Twan" a/k/a "Twanboy" a/k/a "Cortez Pearson,"**

**JEVON TROY MARK a/k/a "J-Drive,"**

**and**

**ELIJAH BEHRLE a/k/a "Moody,"**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and

23

with others, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

(In violation of Title 21, United States Code, Section 846.)

## COUNT THREE

### *(Conspiracy to Commit Murder in Aid of Racketeering)*

22.      At all times relevant to this Indictment, the RTC Enterprise, as more fully described in Paragraphs One through Fifteen of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an "enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The RTC Enterprise constituted an ongoing organization whose members function as a continuing unit for a common purpose of achieving the purposes and objectives of the enterprise.

23.      At all times relevant to this Indictment, the RTC Enterprise, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, (1) acts involving murder, chargeable under North Carolina General Statutes Sections 14-17, 14-5.2, 14-2.4, and 14-2.5, Code of the District of Columbia Sections 22-1803, 22-1805, 22-1805a, 22-2101, and 22-2103, and Code of Virginia Sections 18.2-32, 18.2-18, 18.2-22, and 18.2-26; (2) acts involving robbery, chargeable under Florida Statutes Sections 812.13, 777.04(1), 777.04(3), and 777.011; (3) multiple acts indictable under Title 18, United States Code, Sections 1028 (relating to fraud and related activity in connection with identification documents) and 932 (relating to straw purchasing of firearms); and (4) multiple offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

24.      In or around June 2022, in the Eastern District of Virginia, defendants,

**ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a "Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden" a/k/a "Richard**

**Gaulden,"**

**and**

**AHMARION HUNTER-GRAY a/k/a "YC" a/k/a "Boobie" a/k/a "Pilot" a/k/a "Xzavier**

**Jones" a/k/a "Cortez Pearson" a/k/a "Marcus Hampton" a/k/a "Cordell Rodney**

**Hampton,"**

and other members and associates of the RTC Enterprise, both known and unknown to the Grand

Jury, for the purpose of gaining entrance to and maintaining and increasing position in the RTC

Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally

combine, conspire, confederate, and agree with each other and with others, both known and

unknown to the Grand Jury, to murder D.D., in violation of the laws of the Commonwealth of

Virginia, to wit, Code of Virginia Sections 18.2-32, and 18.2-22.

(In violation of Title 18, United States Code, Section 1959(a)(5).)

## COUNT FOUR

*(Murder in Aid of Racketeering Activity)*

25.    Paragraphs Twenty-Two and Twenty-Three of this Indictment are realleged and incorporated by reference as if fully set forth herein.

26.    On or about June 18, 2022, in the Eastern District of Virginia, defendants,

**ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a "Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden" a/k/a "Richard Gaulden,"**

**and**

**AHMARION HUNTER-GRAY a/k/a "YC" a/k/a "Boobie" a/k/a "Pilot" a/k/a "Xzavier Jones" a/k/a "Cortez Pearson" a/k/a "Marcus Hampton" a/k/a "Cordell Rodney Hampton,"**

and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the RTC Enterprise, an enterprise engaged in racketeering activity, did murder D.D., in violation of the laws of the Commonwealth of Virginia, to wit, Code of Virginia Sections 18.2-18 and 18.2-32, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offense.

(In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT FIVE

*(Using, Carrying, Brandishing, and Discharging a Firearm During a Crime of Violence Causing Death)*

27.    On or about June 18, 2022, in the Eastern District of Virginia, defendants,

**ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a "Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden" a/k/a "Richard Gaulden,"**

**and**

**AHMARION HUNTER-GRAY a/k/a "YC" a/k/a "Boobie" a/k/a "Pilot" a/k/a "Xzavier Jones" a/k/a "Cortez Pearson" a/k/a "Marcus Hampton" a/k/a "Cordell Rodney Hampton,"**

and other members and associates of the RTC Enterprise, both known and unknown to the Grand Jury, did knowingly and intentionally use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder of D.D. in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2, as set forth and charged in Count Four of this Indictment, and in the course of committing said offense, did cause the death of D.D. through the use of a firearm, which killing was murder, as defined in Title 18, United States Code, Section 1111, and did aid, abet, counsel, command, induce, and cause each other and others to commit said offense.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), (j)(1), and 2.)

## COUNT SIX

*(Possession with Intent to Distribute Fentanyl)*

28.    On or about May 12, 2021, in the Eastern District of Virginia, defendant,

**KEVIN FERNANDO MEJIA a/k/a "Steeze" a/k/a "Stevo" a/k/a "Wop,"**

did knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide

(commonly known as fentanyl), a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

COUNT SEVEN

*(Use or Carry of a Firearm During and in Relation to Drug Trafficking)*

29.     On or about May 12, 2021, in the Eastern District of Virginia, defendant,

**KEVIN FERNANDO MEJIA a/k/a "Steeze" a/k/a "Stevo" a/k/a "Wop,"**

did knowingly carry at least one firearm during and in relation to a drug trafficking crime for which

the defendant may be prosecuted in a court of the United States, that is, possession with intent to

distribute a controlled substance, in violation of Title 18, United States Code, Section 841(a)(1).

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

30

## COUNT EIGHT

*(Possession with Intent to Distribute Fentanyl)*

30.     On or about September 1, 2022, in the Eastern District of Virginia, defendant,

**ALHAJIE ALPHA KAMARA a/k/a "Souljia" a/k/a "Laji,"**

did knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide

(commonly known as fentanyl), a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

<u>COUNT NINE</u>

*(Use or Carry of a Firearm During and in Relation to Drug Trafficking)*

31.     On or about September 1, 2022, in the Eastern District of Virginia, defendant,

**ALHAJIE ALPHA KAMARA a/k/a "Souljia" a/k/a "Laji,"**

did knowingly carry a firearm during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

## COUNT TEN

*(Possession of a Firearm in Furtherance of Drug Trafficking)*

32.     On or about July 16, 2022, in the Eastern District of Virginia and elsewhere, including the Western District of Oklahoma, defendant,

**ISAIR JARED CHOY BETHANCOURT a/k/a "Izzy" a/k/a "Rich" a/k/a "Rich Locc" a/k/a "Rich Baby" a/k/a "Richard Cartier Gaulden" a/k/a "Richard C. Gaulden" a/k/a "Richard Gaulden"**

did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to distribute a controlled substance as set forth and charged in Count Two of this Indictment, in violation of Title 21, United States Code, Sections 841 and 846.

(In violation of Title 18, United States Code, Section 924(c)(1)(A).)

33

## COUNT ELEVEN

*(Straw Purchase of a Firearm)*

33.     On or about April 13, 2023, in the Eastern District of Virginia, defendant,

**ANTIONE MARIO LAMBERT, JR. a/k/a "Blocc Boy Twan" a/k/a "Tweezy,"**

did knowingly aid, abet, counsel, command, induce, and procure another person to purchase a

firearm, to wit, a Glock 27 .40 caliber semi-automatic pistol bearing serial number AFTS811, in

and otherwise affecting interstate and foreign commerce for, on behalf of, and at the request or

demand of **LAMBERT**, knowing and having reasonable cause to believe that the firearm would

be used to commit a felony, that is, that **LAMBERT** intended to use, carry, and possess the firearm

in furtherance of a drug trafficking crime, to wit, distribution of and possession with intent to

distribute controlled substances in violation of Title 21, United States Code, Section 841(a).

(In violation of Title 18, United States Code, Sections 932(b)(2), (c)(2), and 2.)

## COUNT TWELVE

*(Straw Purchase of a Firearm)*

34.    On or about May 17, 2023, in the Eastern District of Virginia, defendant,

**ANTIONE MARIO LAMBERT, JR. a/k/a "Blocc Boy Twan" a/k/a "Tweezy,"**

did knowingly aid, abet, counsel, command, induce, and procure another person to purchase a

firearm, to wit, a Century Arms Micro Draco 7.62x39mm caliber semi-automatic pistol bearing

serial number MSV701140, in and otherwise affecting interstate and foreign commerce for, on

behalf of, and at the request or demand of **LAMBERT**, knowing and having reasonable cause to

believe that the firearm would be used to commit a felony, that is, that **LAMBERT** intended to

use, carry, and possess the firearm in furtherance of a drug trafficking crime, to wit, distribution

of and possession with intent to distribute controlled substances, in violation of Title 21, United

States Code, Section 841(a).

(In violation of Title 18, United States Code, Sections 932(b)(2), (c)(2), and 2.)

35

FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS that there is probable cause that the property described below is subject to forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(a), the defendants are hereby notified that upon conviction of the offense set forth in Count One of this Indictment, they shall forfeit to the United States, pursuant to 18 U.S.C. § 1963, the following: (1) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which they have established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (3) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962.

Pursuant to Fed. R. Crim. P. 32.2(a), the defendant, the defendants hereby notified that if convicted of any of the offenses alleged in Counts 2, 6, and 8 of this Indictment, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), the following: (1) any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violation; and (2) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Pursuant to Fed. R. Crim. P. 32.2(a), the defendants are hereby notified that, if convicted any of the offenses set forth in Counts 11 and 12 of this Indictment, they shall forfeit to the United States, pursuant to Title 18, United States Code, Section 934; Title 18, United States Code, Section 924(d)(1); and Title 28, United States Code, Section 2461(c), the following: (1) any property

constituting or derived from, any proceeds the person obtained, directly or indirectly, as a result of the offense; and (2) any of the persons' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense; and (3) any firearm or ammunition used in or involved in the offense.

Pursuant to Fed. R. Crim. P. 32.2(a), the defendants are hereby notified that, if convicted of any violation set forth in this Indictment, they shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the commission of the offense.

The property subject to forfeiture includes, but is not limited to, the following:

a. One (1) Glock 9mm caliber semi-automatic pistol, bearing serial number BCBA016, and any accompanying magazines and ammunition;

b. One (1) Glock .45-caliber semi-automatic pistol, bearing serial number BALZ355, and any accompanying magazines and ammunition;

c. One (1) Century Arms Draco 7.62x39mm caliber semi-automatic pistol, bearing serial number ROA22PG3587, and any accompanying magazines and ammunition;

d. One (1) Glock 22 .40 caliber semi-automatic pistol, bearing serial number RYF500, and any accompanying magazines and ammunition;

e. One (1) Glock 21 Gen4 .45 caliber semi-automatic pistol, bearing serial number ZTK613, and any accompanying magazines and ammunition;

f. One (1) Glock 45 Gen5 9mm caliber semi-automatic pistol, bearing serial number BTHC497, and any accompanying magazines and ammunition;

g. One (1) Ruger EC9S 9mm caliber semi-automatic pistol, bearing serial number 457-46740, and any accompanying magazines and ammunition;

h. One (1) Glock 23 .40 caliber semi-automatic pistol, bearing serial number KFD130, and any accompanying magazines and ammunition; and

i. One thousand seventy-six dollars ($1,076.00) seized from an RTC member and associate on or about April 28, 2023.

As to Count One of this Indictment, pursuant to 18 U.S.C. § 1963(m), the defendants shall forfeit substitute property, if, by any act or omission of the defendants, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

As to Counts Two through Twelve of this Indictment, pursuant to 21 U.S.C. § 853(p), the defendants shall forfeit substitute property, if, by any act or omission of the defendants, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

//

//

//

//

//

//

//

(In accordance with 18 U.S.C. §§ 924(d)(1), 934, and 1963; 21 U.S.C. § 853;

28 U.S.C. § 2461(c); and Fed. R. Crim. P. 32.2(a))

A TRUE BILL

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

FOREPERSON

Erik S. Siebert
United States Attorney
Eastern District of Virginia

By:    *Edgardo Rodriguez*
Edgardo J. Rodriguez
Assistant United States Attorney

*Ryan Bredemeier*
Ryan B. Bredemeier
Assistant United States Attorney

David L. Jaffe, Chief
Violent Crime and Racketeering Section
U. S. Department of Justice

*César S. Rivera-Giraud*
César S. Rivera-Giraud
Trial Attorney