IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELIJAH BEHRLE,<br>    a/k/a "Moody,"<br><br>*Defendant*. | Criminal No. 1:25-CR-148 (RDA) |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

The United States of America, by and through its attorneys Erik S. Siebert, United States Attorney, and Ryan B. Bredemeier and Edgardo J. Rodriguez, Assistant United States Attorneys, files this Response in Opposition to the Motion to Dismiss Indictment (ECF No. 112), filed by Defendant Elijah Behrle (hereinafter "the Defendant"). The Motion to Dismiss Indictment lacks merit, and the United States respectfully requests this Court deny it.

The Defendant's Motion to Dismiss Indictment states that the Indictment (ECF No. 1) charges the Defendant in only Count Two, and then makes the incorrect conclusory assertion that the indictment therefore "fails utterly" to meet the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure. *See* ECF No. 112. No further explanation, specific argument, or authority is provided to explain why the Defendant believes Count Two of the Indictment does not meet the requirements of Federal Rule of Criminal Procedure 7(c)(1). *See Id.*

Federal Rule of Criminal Procedure 7(c)(1) requires that "The indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged

and must be signed by an attorney for the government." Fed R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 7(c)(1) goes on to state that "For each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*

The Supreme Court of the United States has repeatedly held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citing Hagner v. United States, 285 U.S. 427(1932); United States v. Debrow, 346 U.S. 374 (1953). *Accord* United States v. Williams, 152 F3d 294 299(4th Cir. 1998)). The Supreme Court went on in *Hamling* to state the long recognized concept that "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* (citing United States v. Carll, 105 U.S. 611 (1882)). As such, an indictment whose language tracks the statutory language is ordinarily sufficient. *See*, e.g., Hamling, 418 U.S. at 117; United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986); United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir 1986). Indictments that inform the defendant of all elements of the offense are generally sufficient, even if the specific factual circumstances of the crime charged are not included in the indictment. *See, e.g.*, Amend, 791 F.2d at 1125 (holding an indictment charging Continuing Criminal Enterprise sufficient that did not specify specific acts that violated the charged statutes and did not identify any of the five other persons whom defendant, to be guilty of a Continuing

2

Criminal Enterprise, was required to manage, organize, or supervise); American Waste Fibers Co., 809 F.2d at 1046-1047 (citing Hamling, 418 U.S. at 117, and Amend, 791 F.2d at 1125); United States v. Glecier, 923 F.2d 496, 501 (7th Cir.), *cert. denied*, 502 U.S. 810 (1991)(holding an indictment charging RICO violation sufficient to charge conspiracy and racketeering activity even though the indictment failed to list specific predicate acts to which the defendant conspired).

Count Two of the Indictment meets all of the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure and properly sets forth the elements of the charged offense. Count Two charges the defendant, and nine co-defendants, with conspiracy to distribute four hundred (400) grams or more of a mixture and substance containing fentanyl in violation of Title 21, United States Code Sections 841(a)(1), 841(b)(1)(A)(iv), and 846. ECF No. 1 at ¶ 21. Count Two of the Indictment reads:

> Beginning on a date unknown, but from at least from in and around 2020, and continuing until on or about the date of this Indictment, in the Eastern District of Virginia and elsewhere, defendants . . . and Elijah Behrle a/k/a "Moody," did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).
> (In violation of Title 21, United States Code, Section 846.)

*Id.*

As required by Federal Rule of Criminal Procedure 7(c)(1), Count Two's language provides "a plain, concise, and definite written statement of the essential facts constituting the offense charged," is signed by an attorney for the government, and provides the official citation of the statute that the defendant is alleged to have violated. *See Id*. Count Two's language closely

3

tracks the statutory language of the charged offense (Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 846) which sets forth the elements necessary to constitute the charged offense. The language of Count Two goes beyond just mirroring that statutory language however, and provides a date range for the alleged narcotics distribution conspiracy, that the alleged conspiracy operated in the Eastern District of Virginia and elsewhere, that the defendant conspired with others known and unknown (including nine other co-defendants listed by name in Count Two)[1] to knowingly and intentionally distribute and possess with the intent to distribute a specified type and weight of controlled substance alleged to have been involved in the narcotics distribution conspiracy (400 grams or more of a mixture and substance containing fentanyl). Count Two therefore is legally sufficient because it contains each element of the offense charged, properly notices the defendant of what he must be prepared to meet, and creates an accurate record so that the defendant could, if necessary, invoke the Double Jeopardy Clause in the future. *See* Cochran v. United States, 157 U.S. 286, 290 (1895).

*****

---

[1] Although the Indictment language for Count Two does list nine co-defendant co-conspirators, indictments charging a conspiracy are not required to list co-defendants or co-conspirators to be legally sufficient because it is the "existence of the conspiracy, rather than the particular identity of the conspirators [which] is the essential element of the crime." American Waste Fibers Co., 809 F.2d at 1046 (citing United States v. Davis, 679 F.2d 845, 851 (11th Cir.1982). "While two persons are necessary to constitute a conspiracy, 'one person can be convicted of conspiring with persons whose names are unknown.'" *Id.* (citing Rogers v. United States, 340 U.S. 367, 375 (1951)).

**Conclusion**

The United States respectfully requests the Court deny the Defendant's Motion to Dismiss Indictment (ECF No. 112), because the Indictment's Count Two language meets the requirements of Federal Rule of Criminal Procedure 7(c)(1) by properly charging the Defendant with conspiracy to distribute 400 grams or more of a mixture and substance containing fentanyl and Count Two sufficiently alleges the essential elements of that offense.

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date:   August 19, 2025

By:   _____
Ryan B. Bredemeier
Edgardo J. Rodriguez
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
ryan.bredemeier@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                                  _____
Ryan B. Bredemeier
Edgardo J. Rodriguez
Assistant United States Attorneys