IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| UNITED STATES, )<br>   )<br>   v. )<br>   )<br>ELIJAH BEHRLE, )<br>   Defendant. )<br>   ) | Crim. No. 1:25cr148<br>The Hon. Rossie Alston |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS INDICTMENT**

Comes now Defendant Elijah Behrle, by counsel, and replies to the Government's Response in Opposition (Doc 119) to his Motion to Dismiss the Indictment (Doc 112).

Count Two of the indictment charges Defendant with conspiring between 2020 to the present to distribute 400 grams or more of fentanyl – without more. The indictment specifies not a single action connoting conspiracy, leaving Defendant to divine as to any such:

- the person or persons with whom he allegedly conspired;

- the manner in which he allegedly conspired;

- the place in which he allegedly conspired; and

- the time at which he allegedly conspired.

Query how this utterly unspecific indictment:

> "sufficiently apprises the defendant of what he must be prepared
> to meet, and, in case any other proceedings are taken against him
> for a similar offense, whether the record shows with accuracy to
> what extent he may plead a former acquittal or conviction."?

*United States v. Debrow*, 346 U.S. 374, 376 (1953) (internal citations omitted).[1]

---

[1] *Debrow* is cited by the Government at p. 2 of its response in Opposition.

The indictment comprises not only the nine named co-defendants, but an unlimited number of "others, both known and unknown to the Grand Jury."  Query how the indictment affords a record sufficient to protect against double jeopardy when it comprises a virtually limitless number of potential alleged co-conspirators – any one of whom could engender a free-standing conspiracy charge?

The decisions offered by the Government say nothing to diminish the requirement of threshold specificity in the indictment:

*Hamling v. United States*, 418 U.S. 87 (1974) rebuffed a vagueness challenge to a pornography indictment based on the then fluctuating definition of obscenity.  As to the conduct charged, that indictment was pellucidly plain – charging the mailing of a document titled "The Illustrated Presidential Report on the Commission on Obscenity and Pornography."

*Hagner v. United States*, 285 U.S. 427 (1932), entailed an indictment that spelled out in rigorous detail the particulars of the alleged conduct – to the date, place of mailing and addressee of the mailing subject of the charge.  *Id.* at 429.

*Debrow*, 346 U.S. 374 (1953), rejected a vagueness challenge to a perjury indictment based on its failure to specify the name of the official administering the oath – because that indictment specified the subject tribunal and the topic of its investigation.

The Fourth Circuit decisions cited by the Government are no more availing of its position.  *United States v. Williams*, 152 F. 3d 294 (4th Cir. 1998) rejected a vagueness challenge unrelated to the informative specificity of the indictment, but based rather on the narrow contention that that indictment alleged only possession of a firearm as opposed to its being carried or used in commission of an offense.  *United States v. Amend*, 791 F. 2d 1120 (4th Cir. 1986), rejected a challenge to that indictment partly because the Government maintained an

"open file" discovery policy conceded by that defendant's counsel to have precluded any notice shortcomings. There is no such policy in place in the case at bar. Moreover, fulsome discovery does nothing to placate double jeopardy concerns.

This Court should be guided by the Fourth Circuit's more recent decision upholding a challenge to an indictment in *United States v. Kingrea*, 573 F.3d 186 (4th Cir. 2009).

> "As we have previously recognized, '[a]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense.' *United States v. Daniels,* 973 F.2d 272, 274 (4th Cir.1992) (citing *Russell v. United States,* 369 U.S. 749, 763–64, 82 S. Ct. 1038, 8 L.Ed.2d 240 (1962), *cert. denied,* 506 U.S. 1086, 113 S. Ct. 1064 (1993))."

*Id.* at 191.

> "In *Hooker* we also rejected the government's position, made again in the case at bar, that an indictment's provision of adequate notice to the defendant cures any constitutional infirmity. "[A] sufficient indictment must contain the elements of the offense *and* apprise the defendant of the nature of the charge." *Hooker,* 841 F.2d at 1230.

*Id*. at 193.

## Conclusion

Defendant's indictment lacks the specificity necessary to provide adequate notice and to forestall double jeopardy.

Respectfully Submitted,

ELIJAH BEHRLE
By Counsel
_____/s/_____
John C. Kiyonaga

120 N. Saint Asaph Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 549-2988
E-mail: john@johnckiyonaga.com

Counsel for the Defendant

<u>Certificate of Electronic Service</u>

  I hereby certify that on August 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

               /s/
              John C. Kiyonaga